IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROSALINDA ROJAS, | ) | CASE NO. 3:10-CV-1397 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | ) ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This case is before the Magistrate Judge pursuant to Local Rule. The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Rosalinda Rojas's ("Plaintiff" or "Rojas") application for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§416(i) and 423, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §1381 *et seq.*, is supported by substantial evidence and, therefore, conclusive.

For the reasons set forth below, the Court recommends that the decision of the Commissioner be AFFIRMED.

**I. INTRODUCTION & PROCEDURAL HISTORY**

On April 11, 2005, Plaintiff filed an application for a Period of Disability and Disability Insurance Benefits and Supplemental Security Income alleging that she became disabled on January 1, 1999 (Tr. 52-56, 220-221). Plaintiff's date last insured for purposes of her Disability Benefits application was June 30, 20007 (Tr. 39). Plaintiff's applications for benefits were denied initially and upon reconsideration (Tr. 29-30). Plaintiff timely requested and was granted an administrative

hearing (Tr. 32, 26-27). On September 7, 2007, Attorney Christopher Galli signed an Acceptance of Appointment form agreeing to represent Rojas in connection with her claims (Tr. 28).[1] A Notice of Hearing letter was sent to Plaintiff on September 20, 2007, indicating that her hearing was scheduled for October 12, 2007, at 2:00 p.m. (Tr. 17-19). The Notice of Hearing also stated that the ALJ could dismiss Plaintiff's request for a hearing if, without good cause, she failed to appear at the proceeding (Tr. 17). In addition to the Notice of Hearing, ALJ McGrath also sent Plaintiff an Acknowledgment of Receipt form (Tr. 20-23). The Acknowledgment of Receipt provided Plaintiff the opportunity to confirm her appearance at the hearing, decline appearance, or reschedule the hearing date.

Neither Plaintiff nor her attorney appeared at the hearing scheduled for October 12, 2007 (Tr. 224-29). Nevertheless, ALJ McGrath proceeded with the hearing despite their absence. The hearing was conducted via video. ALJ McGrath presided from Fort Wayne, Indiana, and a vocational expert (the "VE") appeared in Toledo, Ohio (Tr. 9).[2] On October 18, 2007, the ALJ issued Rojas a Notice To Show Cause For Failure To Appear at the October 12, 2007 hearing (Tr. 16). The notice indicated that Rojas had until November 2, 2007, to provide ALJ McGrath with a written statement showing good cause for her absence. It also stated that if Plaintiff could show good cause, a new hearing would be scheduled. Conversely, ALJ McGrath warned Plaintiff that failure to show good cause for her absence, would result in dismissal of her request for a hearing.

---

[1]The face of this document does not reveal the date on which it was received by the Social Security Administration. However, the ALJ's opinion makes clear that he believed Plaintiff to be unrepresented by counsel (Tr. 9).

[2]The transcript of the proceeding does not indicate the name of the VE who testified at the hearing. However, both the ALJ's decision and the Notice of Hearing refer to the VE as being Mr. Joseph Havranek (Tr. 9, 24).

Following his issuance of the show cause order to Plaintiff, ALJ McGrath received a letter from Dr. Veeda Quteish dated October 24, 2007 (Tr. 57). In the letter, Dr. Quteish opined that Plaintiff was unemployable due to suffering from osteoarthritis, obesity, and intractable back pain. Dr. Quteish also attached a copy of Plaintiff's medications and diagnoses to the letter.

The ALJ issued an unfavorable decision on April 23, 2008, in which he applied the five-step sequential evaluation,[3] and determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work existing in significant numbers in the national economy and, therefore, was not disabled (Tr. 9-15). ALJ McGrath's opinion further stated, "claimant's response [to the show cause order] failed to provide good cause." (Tr. 9). On June 18, 2008, Plaintiff requested

---

[3] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1)   If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2)   If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3)   If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4)   If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5)   Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

review of the ALJ's decision from the Appeals Council (Tr. 5). The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's determination the final decision of the Commissioner (Tr. 2-4). Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

Plaintiff, born on June 25, 1960, was forty-seven years old on the date of the hearing, and considered a younger individual for Social Security purposes (Tr. 140). She has past experience working as a cleaner, factory worker, farm laborer, laundress, and as a nursing assistant (Tr. 63, 227-28).

## II. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20. C.F.R. §§ 404.1505, 416.905.

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 F. App'x. 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for

the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## IV.  ANALYSIS

After completing a review of the record, ALJ McGrath determined that Rojas was not disabled under the Social Security regulations (Tr. 9-15). At step one of the sequential evaluation analysis, the ALJ found that Rojas engaged in substantial gainful activity after her onset date (Tr. 11). Particularly, ALJ McGrath ruled that Plaintiff's earnings during the year 1999 met the criteria of substantial gainful activity, and therefore, precluded her from being considered as disabled for that year under the Social Security Act (Tr. 11-12). Although Plaintiff also earned income during the years of 2000 through 2004, the ALJ found that the earnings for these years did not meet the criteria of substantial gainful activity. Thus, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since January 1, 2000 (Tr. 12). At step two, ALJ McGrath ruled that Plaintiff suffered from the following severe impairments: "menorrhagia, obesity, and lower extremity edema." (Tr. 12). However, ALJ McGrath determined that Plaintiff's severe impairments did not individually or in combination meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 12). Before moving to step four, the ALJ found that Plaintiff retained the RFC to perform the full range of

5

light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) (Tr. 12). Finally, at step four, ALJ McGrath concluded that Rojas was capable of performing her past relevant work as a cleaner, factory worker, and laundry worker (Tr. 14-15).

Rojas challenges the ALJ's decision on three grounds. First, Rojas claims that the ALJ's decision to proceed with her hearing despite her absence denied her the right to a full and fair hearing. Second, Plaintiff asserts that the ALJ erred by failing to proffer the evidence he received post-hearing, namely Dr. Quteish's report, to Plaintiff prior to receiving it into the record. Lastly, Rojas maintains that the vocational expert's testimony during the hearing did not provide substantial evidence to support the ALJ's decision.

### A. Plaintiff's Right To A Full and Fair Hearing

#### 1. Due Process

Plaintiff's first argument centers on the ALJ's decision to proceed with the hearing despite her absence. Rojas argues that the regulations governing Social Security claims afford a claimant the right to appear before a hearing officer and that any waiver of this right must be made in writing. Plaintiff relies upon 20 C.F.R. § 404.950(a)-(b) in support of this argument. Plaintiff also claims that the Commissioner never sent her an amended Notice of Acknowledgment letter after she failed to confirm receipt of the first acknowledgment notice sent to her regarding the October 12, 2007 proceeding, as required by regulation. *See* 20 C.F.R. § 404.938. Nor were such forms sent to her attorney of record. Plaintiff asserts that she never executed a written waiver of her right to appear, and that she was prejudiced by her lack of representation at the proceeding because the ALJ failed to fully and fairly develop the record. She maintains that an ALJ has a duty to develop the facts of the case regardless of whether the claimant is represented or not.

6

To the extent Plaintiff's claim asserts a due process violation, it is overruled. Due process requires that every Social Security claimant receive meaningful notice and an opportunity to be heard in the determination of their application. *Stoner v. Sec'y of Health & Human Servs.*, 837 F.2d 759, 760-61 (6th Cir. 1988); *Hamilton v. Astrue*, No. 5:09-CV-202, 2010 WL 411322 (N.D. Ohio Jan. 28, 2010). Plaintiff correctly notes that 20 C.F.R. § 404.950(a) codifies this right. In the instant case, Plaintiff does not allege that she was denied these rights. *See* (Tr. 17-19). Rather, Plaintiff avers that the Commissioner erred by failing to send her an amended acknowledgment form after she failed to respond to the first form sent to her as required by 20 C.F.R. § 404.938(c). Plaintiff's brief quoted 20 C.F.R. § 404.938(c) as follows:

> (c) Acknowledging the notice of hearing. The notice of hearing will ask you to return a form to let us now [sic] that you received the notice. If you or your representative do not acknowledge receipt of the notice of hearing, an amended notice will be sent to you by certified mail.

(Pl.'s Br. at 5). However, the Court notes that Plaintiff's brief incorrectly quotes this provision. It correctly states:

> Acknowledging the notice of hearing. The notice of hearing will ask you to return a form to let us know that you received the notice. If you or your representative do not acknowledge receipt of the notice of hearing, we will attempt to contact you for an explanation. If you tell us that you did not receive the notice of hearing, an amended notice will be sent to you by certified mail. See § 404.936 for the procedures we will follow in deciding whether the time or place of your scheduled hearing will be changed if you do not respond to the notice of hearing.

20 C.F.R. § 404.938(c). Plaintiff's misstatement of this regulation mischaracterizes the Commissioner's duty. A plain reading of the regulation states that an amended notice will only be sent to the claimant if and when the claimant informs the agency that he/she did not receive the initial notice of hearing. *Id.* Nevertheless, both the Notice of Hearing and Acknowledgment of Receipt forms indicated that Plaintiff's request for hearing could be dismissed if she failed to appear (Tr. 17,

7

20).[4]  Thus, both documents fairly apprised Rojas of the consequences of her actions.

Despite any arguable error on the part of the Commissioner in failing to send the notice of hearing to Plaintiff's attorney of record or failing to contact Plaintiff after she neglected to return the acknowledgment form, the ALJ afforded Rojas a second opportunity to appear before him.  On October 18, 2007, ALJ McGrath issued Plaintiff a Notice To Show Cause For Failure To Appear at the October 12, 2007 hearing (Tr. 16).  The order directed Plaintiff to show good cause for her absence at the scheduled proceeding no later than November 2, 2007.  It also informed Plaintiff that her ability to show good cause would be determinative of whether the ALJ would schedule a second hearing in which she could appear and present her case.

Following the issuance of this order, ALJ McGrath received a letter from Dr. Quteish dated October 23, 2007, which stated in relevant part:

> This patient is to be considered unemployable until further notice.  This is due to osteoarthritis, obesity, and intractable back pain. . . . She also asked that you receive a copy of her medication list and her problem list, which are also attached.

(Tr. 57).  However, the ALJ received no correspondence from Rojas explaining the reasons for her absence from the hearing.  Finding that Rojas failed to provide good cause for her failure to appear, ALJ McGrath declined to reschedule a second hearing, and instead based his decision on the evidence in the record (Tr. 9-15).  Although Rojas contends, and Defendant concedes, that a copy of the hearing notice was not sent to Plaintiff's attorney of record, Plaintiff has not alleged that she did not receive the hearing notice or the subsequent show cause order that was sent to her.  Neither does Rojas purport that her address had changed.  Accordingly, she has not shown that the Commissioner violated her due

---

[4]The Sixth Circuit has held that dismissal of a request for hearing due to the claimant's failure to appear is not a final decision over which district courts have jurisdiction.  *See Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67 (6th Cir. 1993).  Thus, had ALJ McGrath dismissed Plaintiff's request for hearing, this Court would lack jurisdiction.

process rights. *See Strozier v. Comm'r of Soc. Sec.*, No. 4:10-CV-1351, 2011 WL 1584423 (N.D. Ohio Apr. 4, 2011).

Plaintiff's attempt to undermine the ALJ's decision to conduct the hearing in her absence due to her failure to execute a written waiver of her right to appear is futile for two reasons. First, Rojas's suggestion that her right to appear could only be waived through execution of a written waiver is misplaced. 20 C.F.R. § 404.950(b) states that the claimant *may* waive the right to appear through a written statement, however the regulation does not indicate that this is the sole means by which a claimant can waive the right. *See* 20 C.F.R. § 404.950(b). Contrary to Plaintiff's contention, the Sixth Circuit has found that a claimant is deemed to have waived his right to appear when the claimant was aware of the hearing and failed to appear. *See Pogany v. Apfel*, 198 F.3d 247 (6th Cir. 1999) (Table) ("We conclude that Pogany was aware of the hearing and waived his right to attend by failing to appear."). Second, despite whatever remaining deficiencies Plaintiff finds with the Commissioner's notice with regard to her October 12, 2007 hearing, those deficiencies were made harmless when the ALJ provided her with an opportunity to show cause for her absence and schedule a second hearing, as discussed above. After being given two opportunities to appear before ALJ McGrath, Rojas cannot now claim that it was unfair for him to proceed without her. *See Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 5 (6th Cir. 2004).

2. Heightened Duty For Pro Se Claimant

Although Rojas admits that she was represented by counsel, she also asserts that ALJ McGrath owed her a heightened duty to develop the record since she was unrepresented at the hearing. It is well-recognized, that an ALJ has an affirmative duty to develop a full and fair record in Social Security proceedings due to their non-adversarial nature. *See Heckler v. Campbell*, 461 U.S. 458, 471 (1983) (Brennan, J., concurring); *see also Richardson v. Perales*, 402 U.S. 389, 410 (1971) ("an examiner [is]

9

charged with developing the facts"). This duty is heightened when the claimant is unrepresented by counsel at the hearing. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). To satisfy this special duty the administrative law judge must "scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts." *Id.* at 1052 (*citing Gold v. Sec'y of Health, Edu. & Welfare*, 463 F.2d 38, 43 (2d Cir. 1972) (internal quotations omitted). While there is no bright line test to gage whether the ALJ adequately developed the record for a *pro se* claimant, a reviewing court should "scrutinize the record with care" to determine whether the ALJ satisfied his duties. *Id.* Yet, this "special scrutiny" will not always require remand. *Id*.

In the case *sub judice*, ALJ McGrath's opinion reflects that he completed a full review of all the medical evidence contained in Plaintiff's medical record. Although Plaintiff argues that the medical record is not complete, any deficiency is largely a result of her failure to appear at her hearing. Rojas has failed to cite to any specific area or issue in which the ALJ should have further probed into in an effort to more fully and fairly develop the record. While she alludes to missing medical evidence, she has failed identify any medical evidence which the ALJ overlooked. Plaintiff cannot now call "foul" after neglecting her opportunity to present such evidence to the ALJ. In proceeding with the hearing, ALJ McGrath elicited testimony from the VE regarding Plaintiff's past work, and a significant number of positions conducive to an individual capable of performing light work. As detailed in the Court's discussion below, the undersigned finds that the VE's opinion provided substantial support for the ALJ's step four conclusion. A review of the hearing transcript and ALJ McGrath's opinion convinces the Court that ALJ McGrath adequately developed the record prior to issuing a decision on Plaintiff's disability application. Accordingly, the Court finds no error.

### B.  ALJ's Duty To Proffer Evidence To Plaintiff

Next, Rojas maintains that it was improper for the ALJ to consider the medical evidence submitted by Dr. Quteish after the hearing because such evidence was not proffered to Plaintiff. Plaintiff relies upon the Hearings, Appeals & Litigation Law Manual ("HALLEX") in asserting that an ALJ is required to submit all post-hearing evidence to the claimant.  *See* HALLEX I-2-7-30. However, the provision indicates that it is inapplicable when the post-hearing evidence was submitted by the claimant.  *Id*.  The Commissioner defends the ALJ's failure to proffer Dr. Quteish's report to Plaintiff by asserting that the report falls under the exception for documents submitted by the claimant.

The Court agrees with the Commissioner despite Plaintiff's notion that she did not submit this evidence.  There is ample proof reflecting that Dr. Quteish's letter was sent to ALJ McGrath at Rojas's direction.  For instance, the letter was submitted to ALJ McGrath after he issued the show cause order to Plaintiff, and he received it before the expiration of the time in which he provided Plaintiff to show good cause for her absence from the hearing.  Additionally, in offering an explanation to the Appeals Council for her request for review of the ALJ's decision, Rojas stated, "I was not able to attend the hearing due to my medical conditions; my doctor faxed the attached note to the ALJ's office." (Tr. 5). Although there is no note attached to this request in the transcript, it is reasonable to conclude that Plaintiff was referring to Dr. Quteish's letter to the ALJ, given the sequence in which it was sent to ALJ McGrath.  Morever, Dr. Quteish's letter states that "*she also* asked that you receive a copy of her medication list and her problem list" (Tr. 57).  The "she" Dr. Quteish is referring to is Rojas.  Also telling is Dr. Quteish's use of the word "also" implicating that Plaintiff asked her to do more than one task - namely send the letter in question, and *also* the supporting medical and problem lists.  Because the Court finds that the post-hearing evidence received by the ALJ was sent to him at the direction of Plaintiff, he was not required to proffer such to Plaintiff.  *See* HALLEX I-2-7-30.

11

### C. VE's Testimony

The testimony of a vocational expert in response to a hypothetical question may serve as substantial evidence of a claimant's vocational qualifications to perform certain jobs. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). However, the hypothetical question posed to a vocational expert must accurately portray the claimant's physical and mental state. *Id*. Rojas submits that the VE's testimony was inadequately vague to constitute substantial evidence for the ALJ's step four finding.

The Court disagrees. ALJ McGrath conducted a satisfactory review of the medical evidence in Plaintiff's record. After assessing the severity of Plaintiff's impairments and the resulting limitations they placed on her ability to perform work, ALJ McGrath ruled that Rojas retained the residual functional capacity to perform the full range of light work (Tr. 12). The Court takes note that the VE's testimony is very brief and that he was unable to identify the exertional level at which Rojas performed all of her prior positions. However, he confirmed that several of Plaintiff's prior jobs could be performed at the light exertional level, and existed in significant numbers in the region at that exertional level (Tr. 227-29). As Defendant correctly cites, the Social Security regulations permit the VE to offer his expert opinion regarding a claimant's ability to perform her past work "*either* as [she] actually performed it *or as generally performed in the national economy*." 20 C.F.R. 404.1560(b)(2). The VE testified that Rojas's prior jobs working as a laundress, cleaner, and factory worker were performed at the light exertional level in significant numbers in the national economy. Thus, his testimony, albeit concise, provided substantial evidence to uphold the ALJ's step four finding.

### V. **DECISION**

For the foregoing reasons, the Magistrate Judge finds the decision of the Commissioner that Plaintiff was not disabled is supported by substantial evidence. Accordingly, the Court recommends

that the decision of the Commissioner be AFFIRMED.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: May 31, 2011.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).