IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Rosalinda Rojas, | Case No. 3:10 CV 1397 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff Rosalinda Rojas timely filed a Complaint (Doc. No. 1) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny Plaintiff's application for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Social Security Income ("SSI") benefits. This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge McHargh for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). Following Plaintiff's Brief on the Merits (Doc. No. 13), Defendant's Brief on the Merits (Doc. No. 16), and Plaintiff's Reply (Doc. No. 17), the Magistrate recommended this Court affirm the Commissioner's final decision (Doc. No. 18).

This matter is before the Court on Plaintiff's Objections to the R&R (Doc. No. 19) and Defendant's Response (Doc. No. 20). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has conducted a *de novo* review of the Magistrate's findings. For the reasons below, this Court declines to adopt the Magistrate's recommendation to

affirm the Commissioner's final decision and remands to the Administrative Law Judge ("ALJ") for further proceedings.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the record, and the Court adopts them in their entirety (Doc. No. 18 at 1–4). Briefly, Plaintiff filed an application for a POD and DIB, as well as an application for SSI benefits, on April 11, 2005, claiming she was disabled because of "trouble walking, straightening knees after sitting and back pain" (TR 33). Both applications were denied initially and upon reconsideration. Plaintiff then timely filed a request for a hearing before an ALJ. On September 7, 2007, attorney Christopher Galli signed an Acceptance of Appointment form agreeing to represent Plaintiff and assist her with her claims (TR 28). The form does not indicate when the Social Security Administration ("SSA") received it. The ALJ mailed a Notice of Hearing to Plaintiff on September 20, 2007, indicating her hearing was scheduled for October 12, 2007; the ALJ also mailed Plaintiff an Acknowledgment of Receipt form. The ALJ's office did not receive a signed copy of the form from Plaintiff. Neither the administrative transcript nor the parties indicate whether Plaintiff or Attorney Galli in fact knew Plaintiff's hearing had been scheduled for October 12. The administrative transcript does not indicate whether the ALJ attempted to contact Plaintiff or her attorney by telephone prior to the October 12 hearing.

When Plaintiff did not appear at the October 12 hearing, the ALJ declared her to be "a non–essential, non–material witness in this case" and proceeded with the hearing in her absence (TR 226). The ALJ stated he would send Plaintiff a notice to show cause, indicating he would hold a supplemental hearing if Plaintiff established good cause for her absence. The ALJ then conducted a two–minute hearing with vocational expert ("VE") Joseph Havranek in which the ALJ discussed

2

certain jobs in Plaintiff's work history which could be performed at the "light, unskilled" level and asked the VE to provide documented estimates of the number of those jobs existing within "all the counties within a 75 mile radius of Toledo, Ohio" (TR 226–29).

The ALJ sent Plaintiff a Notice to Show Cause on October 18, 2007 and gave her until November 2, 2007 to respond. The administrative transcript does not indicate whether the ALJ attempted to contact Attorney Galli. The ALJ did not receive a response from Plaintiff, but did receive a letter from Dr. Veeda Quteish, M.D., stating Plaintiff was "unemployable until further notice . . . due to osteoarthritis, obesity, and intractable back pain" (TR 57). Dr. Quteish also mailed copies of Plaintiff's Functional Capacity Evaluation, her medication list, and her "problem list," and invited the ALJ to call her office if he needed further information or had any questions (TR 57–62).

After the ALJ did not receive a response from Plaintiff to the Notice to Show Cause, he proceeded to consider Plaintiff's application for benefits. The ALJ stated Plaintiff had failed to show good cause and that she "[was] not represented" (TR 9). The ALJ concluded Plaintiff retained the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)" and determined she was not eligible for benefits (TR 12, 15).

Plaintiff, after obtaining new counsel, appealed the ALJ's decision to the Appeals Council, which denied her request for review. Plaintiff then filed the present action.

### STANDARD OF REVIEW

In reviewing a denial of Social Security benefits, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Judicial review is limited to "whether the

3

ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)).

Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). "[I]t squarely is *not* the duty of the district court . . . to re-weigh the evidence, resolve material conflicts in testimony, or assess credibility." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 807 (6th Cir. 2008) (emphasis in original). A court cannot uphold an administrative agency's decision, however, "if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996).

## STANDARD FOR DISABILITY

Eligibility for DIB and SSI benefits is predicated on the existence of a disability. 42 U.S.C. § 423(a). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial

gainful work that exists in the national economy. . . ." *Walters*, 127 F.3d at 529 (citing 42 U.S.C. § 23(d)(2)).

The Commissioner's regulations governing the five-step evaluation for DIB and SSI benefits are found at 20 C.F.R. §§ 404.1520 and 416.920, respectively:

1. Was claimant engaged in substantial gainful activity?

2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?

3. Does the severe impairment meet one of the listed impairments?

4. Determine the claimant's residual functional capacity and whether claimant can perform past relevant work.

5. Can claimant do any other work considering her residual functional capacity, age, education, and work experience?

Under this five-step analysis, the claimant has the burden of proof in steps one through four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five, in determining whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*; *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A court considers a claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Walters*, 127 F.3d at 529. A claimant must satisfy each element of the analysis, including inability to do other work, and meet the duration requirements before a court can determine she is disabled. 20 C.F.R. § 404.1520(b)–(f); *see also Walters*, 127 F.3d at 529.

## ANALYSIS

As Defendant correctly notes, "Plaintiff has never challenged the substance of the ALJ's findings, that is, that she remained capable of performing a full range of light work" (Doc. No. 20 at

5

1). Plaintiff's failure to raise this objection, however, does not prevent this Court from reviewing the administrative transcript and determining whether the ALJ's conclusion is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security"); 28 U.S.C. § 636 (this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge"); *Sarchet*, 78 F.3d at 307 (the ALJ must build "an accurate and logical bridge between the evidence and the result").

In concluding Plaintiff is not entitled to disability benefits, the ALJ determined Plaintiff "has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)" (TR 12). The SSA defines the light work classification as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b).

The ALJ's determination that Plaintiff has the RFC to perform the full range of light work is not supported by substantial evidence. The administrative record contains only two documents referring to an RFC evaluation of Plaintiff: letters from Dr. William Joh and Dr. Quteish. On September 20, 2005, Dr. Joh, in response to an SSA request for an RFC, stated he did not have enough medical information to provide an RFC assessment (TR 74) ("[i]nsuff. for RFCA"). On October 23, 2007, Dr. Quteish mailed the ALJ a copy of an RFC evaluation her office conducted for Plaintiff on October 10, 2007 (TR 57, 60–62). Dr. Quteish concluded Plaintiff was "unemployable until further notice . . . due to osteoarthritis, obesity, and intractable back pain" (TR 57). Dr. Quteish's RFC

6

evaluation stated Plaintiff's chronic back pain limits her functional skills, and noted Plaintiff is restricted in standing, walking, sitting, simple grasping, pushing and pulling, and using her feet for repetitive movements. During the RFC evaluation, Plaintiff was unable to bend, squat, crawl, climb, push, or pull (TR 62). The RFC indicated Plaintiff could perform a maximum "level lift" of 20 pounds and could perform frequent "level lift[s]" of 10 pounds, but was unable to repeat this performance with respect to floor to waist lifts, waist to shoulder lifts, overhead lifts, or 100 foot carries (TR 61).

Though the ALJ thoroughly explained those portions of Plaintiff's medical records contained in the administrative record supporting his conclusion that Plaintiff's impairments did not disable her from working, the ALJ failed to confront the only direct evidence of Plaintiff's RFC -- the only documentation of her "residual abilities or what [she] can do." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). Dr. Quteish's RFC evaluation directly contradicts the ALJ's conclusion that Plaintiff could perform the full range of light work. In determining Plaintiff's RFC, the ALJ cannot simply offer his conclusion that Plaintiff retained the RFC to perform the full range of light work. Rather, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in . . . 20 CFR [404.1567] and [416.967]." S.S.R. 96-8p at 1 (Cum. Ed. 1996); *see also Howard*, 276 F.3d at 239 (an RFC "is an assessment of what [the claimant] can and cannot do, not what she does and does not suffer from"). The ALJ did not identify Plaintiff's functional limitations and did not attempt to address record evidence clearly indicating Plaintiff did not meet the light work classification standards.

7

The ALJ's determination that Plaintiff was "a non-essential, non-material witness" cannot stand in view of the following facts: Plaintiff was not represented at the hearing; Dr. Quteish's RFC evaluation clearly identified several limitations that could prevent Plaintiff from performing the full range of light work; Plaintiff's back pain was a key factor in her claim; and, the SSA regulations do not provide express authorization for this determination under these circumstances. *See Stoner v. Sec'y of Health and Human Services*, 837 F.2d 759, 761 (6th Cir. 1988) ("[w]here pain is a key factor in a claim, it is particularly important for the ALJ to be able to make observations of a claimant and to question the claimant directly"); *cf.* HALLEX I–2–425(D) (ALJ must determine whether claimant is an essential witness if "*claimant's representative appears at a scheduled hearing without the claimant*") (emphasis supplied). The ALJ had the authority to dismiss a request for hearing when neither Plaintiff nor her attorney appeared at the scheduled hearing and the ALJ subsequently determined Plaintiff did not provide good cause. *See* 20 C.F.R. § 404.957(b)(1)(I). When the ALJ decided to proceed without Plaintiff or her counsel, however, he took on the heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1052 (6th Cir. 1983).

The ALJ states Dr. Quteish's opinion that Plaintiff was unemployable until further notice "was not supported by the objective medical evidence" (TR 14). The ALJ notes Plaintiff sought treatment for back or joint pain on only two occasions between April 14, 2006 and September 25, 2007, and argues Plaintiff's "medication list also failed to support pain of such severity the claimant was disabled from work" (*id*.). The ALJ, however, "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other

8

information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." S.S.R. 96-7p at 7. On April 18, 2005, a nurse at Community Health Services wrote Plaintiff "cannot afford 2 buy pills. Has no ins[urance]" (TR 124). The ALJ's heightened duty at least required him to consider this note in Plaintiff's medical records, and to respond to Dr. Quteish's request that he "call [her] office if [he] need[ed] further information or [had] any questions" (TR 57).

The ALJ's conclusion, following the hearing with the VE, that Plaintiff could perform her past relevant work at the light exertional level is supported only by the ALJ's assumption that Plaintiff has the RFC to perform the full range of light work. As the ALJ noted, Plaintiff's description of her work history "was not clear or did not give sufficient information" as to permit the VE to "determine how [Plaintiff] performed that job" (TR 227). The VE stated, for example, Plaintiff's past work as a cleaner could be performed "anywhere from light to heavy depending upon what [she] did and where [she] did it . . ." (*id.*). The ALJ asked the VE to assume Plaintiff performed past work at the light exertional level (TR 228). While the SSA regulations generally permit the VE to testify based on assumptions like this one, *see* 20 C.F.R. § 404.1560(b)(2), the assumption here is not supported by substantial evidence. Thus, the VE's testimony that Plaintiff's past work *generally* could be performed at the light exertional level in the national economy is insufficient to support a conclusion that Plaintiff *herself* could perform at that level.

## CONCLUSION

For the above reasons, this Court: declines to adopt the Magistrate's recommendation to affirm the ALJ's conclusion; reverses the ALJ's disability determination; and remands this case to the ALJ for further proceedings consistent with this Opinion.

9

This Court further finds that Plaintiff is not entitled to endless opportunities to present her claim at a hearing before the ALJ. Plaintiff's counsel "shall ensure that plaintiff understands her responsibilities with respect to the hearing process and the consequences of any future failure to appear." *Owens v. Astrue*, 2009 WL 4723201, at *3 (W.D. La. 2009). If Plaintiff or her representative fails to appear at the rescheduled hearing and Plaintiff does not provide good cause for her failure to appear, the ALJ should dismiss the Complaint.

IT IS SO ORDERED.

                 s/ *Jack Zouhary*
                 JACK ZOUHARY
                 U. S. DISTRICT JUDGE

July 8, 2011